UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMAR DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01752-JMS-TAB |
| | ) |
| C. COOKE, | ) |
| CHRISTINA NELMS, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT COOKE AND DIRECTING FURTHER PROCEEDINGS**

Ramar Daniels filed this action on June 29, 2020, contending that his civil rights were violated while he was incarcerated in the Indiana Department of Correction (IDOC). Mr. Daniels claims that defendant Cooke retaliated against him by finding him guilty of disciplinary infractions at both Correctional Industrial Facility (CIF) and Pendleton Correctional Facility (Pendleton).[1] He was granted relief from both convictions after filing federal habeas petitions. Dkt. 1; dkt. 8. Ms. Cooke answered the complaint and raised the affirmative defense of failure to exhaust administrative remedies. Dkt. 15. The Court then issued a scheduling order to facilitate the resolution of Ms. Cooke's defense. Dkt. 19. In the meantime, Mr. Daniels amended his complaint to add claims against defendant Christina Nelms. Mr. Daniels claims that Ms. Nelms filed the false disciplinary report against him at Pendleton. The amended complaint did not alter Mr. Daniels' allegations as to Ms. Cooke. Dkt. 12; dkt. 16. The Court screened the amended complaint and

---

[1] Mr. Daniels' original complaint alleged that the first incident occurred while he was incarcerated at New Castle Correctional Facility, but his amended complaint clarified that he was incarcerated at Correctional Industrial Facility. *See* Dkt. 12.

1

Ms. Nelms answered. She did not raise the affirmative defense of failure to exhaust administrative remedies. Dkt. 24.

Ms. Cooke has moved for summary judgment on the basis that Mr. Daniels failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. Mr. Daniels has not responded to the motion and the time to do so has passed. The motion is now ripe for review.

## Summary Judgment Standard

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable

jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The consequence of Mr. Daniels' failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

**Facts**

Mr. Daniels' complaint does not provide a precise time frame for his allegations against defendant Cooke. He was incarcerated at CIF from January 15, 2016, through June 14, 2017. He was incarcerated at New Castle Correctional Facility from June 14, 2017, to March 2, 2018. He was transferred to Pendleton on March 2, 2018, where he remains. The IDOC has a grievance process which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court. As an IDOC inmate, Mr. Daniels received orientation regarding the grievance process and has demonstrated his ability to utilize the process through his extensive grievance history. Dkt. 26-4; dkt. 26-8.

Although there were two different grievance policies during the potential timeframe of Mr. Daniels' allegations, both policies required the submission of a formal grievance after attempting to resolve the issue informally and at least one level of appeal. Dkt. 26-2; dkt. 26-3.

Exhaustion of the grievance process requires pursuing a grievance to the final step. Dkt. 26-1 at 6-9. Issues related to disciplinary proceedings fall outside the grievance process. If a grievance violates the policy by raising such an issue, or violating the policy in any other way, the grievance specialist returns the grievance to the inmate with an explanation as to why it is being returned and how it can be corrected. *Id*. at 7.

Mr. Daniels attempted to grieve his allegations that Ms. Cooke retaliated against him by finding him guilty of false disciplinary charges. Each time, his attempt was rejected because his grievance involved disciplinary proceedings. Mr. Daniels was told to correct and resubmit his grievance form with this caveat: "[i]f you state anything on the informal or formal grievance about the DHB case/issue it will be rejected in accordance with the grievance policy." Dkt. 26-5 at 5; *see also* dkt. 26-7. Mr. Daniels did not resubmit either grievance.

## Discussion

Defendant Cooke argues that Mr. Daniels failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against her. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

"An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). For example, an administrative procedure is unavailable when "it operates as a simple dead end," when it "might be so opaque that it becomes, practically speaking, incapable of use" or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

It is the defendant's burden to establish that the administrative process was available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

It appears from the record that Mr. Daniels was aware of the grievance process and how to use it. The problem here is that the essence of his claim against Ms. Cooke involved a disciplinary proceeding and such issues are explicitly excepted from the grievance process. Mr. Daniels alleges that Ms. Cooke retaliated against him by finding him guilty of false disciplinary charges which were later overturned in federal habeas corpus proceedings. He could not allege that Ms. Cooke retaliated against him without stating what retaliatory action Ms. Cooke had taken against him. But to do so would automatically result in the rejection of the

grievance for raising a disciplinary issue. Thus, the grievance process was unavailable to Mr. Daniels in this particular situation. The unavailability arises directly from the grievance policy's prohibition against grieving issues that concern disciplinary hearings.

## Conclusion

Because the grievance process was not available to Mr. Daniels, defendant Cooke's motion for summary judgment, dkt. [25], is **denied**. Ms. Cooke shall have **through March 23, 2021**, in which to answer or otherwise respond to the amended complaint.

**IT IS SO ORDERED.**

Date: 3/1/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RAMAR DANIELS
104542
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov